2010-3173 Maroney v. Department of Veterans Affairs This case concerns the very simple issue of whether a premature filing that was never ratified, perfected, and has no subsequent follow-up step to indicate that that election was made, is in fact going to be considered a binding election when the employee changes their mind. I will skip the underlying factual issues related to the removal. The relevant points for this issue are on April 22, the petitioner received a decision letter telling him he was going to be removed. It was not going to be effective until the 25th. He went home that night, got online to the MSPB, filled out form, sent it out. No one disagrees that it was premature. He takes no further steps to prosecute that appeal other than communicate with the board and indicate to the board that now I've changed my mind and I'm going to go the grievance route instead. The board issues an initial decision saying he's indicated to us he's withdrawn the appeal. The only thing related to the timeliness in that decision, good or bad, is the judge's indication that the appeal was in fact filed on the 22nd, which would be before the effective date. So you're asking us to say that the board's approach to this in Kirkwood and other cases is wrong and that we should direct them not to approach this this way? No, Your Honor. Kirkwood makes perfect sense, and I think it is misinterpreted in how the government's arguing it in this case. If you look at Kirkwood, the difference between Kirkwood and here is that Kirkwood involved an employee who first filed a grievance under a collective bargaining agreement that permitted filing that grievance before the effective date. And in fact, even permitted apparently, and obviously Kirkwood's not voluminous in detail, but apparently permitted that employee to request a stay, which that employee did, and that that stay be done during the pendency of the grievance procedure. The difference here is that the filing with the board was not an effective appeal, and it was not timely. And when the board writes Kirkwood, they quote the statute, and they even emphasize, and add an emphasis added for the part indicating that when the grievance or appeal is timely filed, and they put the emphasis on the timely to indicate that the difference is that it has to be done effectively. Now what Kirkwood was looking at, and we have no problem with the board on that issue, is whether or not an employee may make an election before the effective date, and if the collective bargaining agreement permitted that, then they could indeed do that, and we have no problem with that answer. But the board regulations do not permit that. Now they have some internal regulations that are probably very reasonable from a customer service point of view, that if it's a few days premature, we'll sit on it until it goes, until it becomes effective. That's pretty important, isn't it? Well, it is if you're one of those people. But if there were something else going on, if that employee ever indicates, yeah, I intend to pursue this appeal, but if you look at the board regulations, it wouldn't make any sense to say, if you interpreted that as a jurisdictional choice, to say if you file it five days premature, and the board says we're going to hold it that long, then that's an election, but if you file it 10 days premature, which the board would not hold it that long, that's not. Well, that's not really the issue. It's not whether the board said they would have held it. It's the fact that it ripened into a timely appeal, and the board treated it as timely before it was withdrawn. If you had withdrawn it before it ripened into a timely appeal, you'd have a totally different case. If the board had even articulated that, it might be a different case, but that's not in their initial decision. All they do, and basically it makes sense because the judge was simply looking to go, this case is being withdrawn. It's not going to be my problem. The judge only indicates it's withdrawn. There's no discussion that it ever ripened. There's no discussion that the employee was told that it ripened. Well, a scheduling order was issued, right? It issued, but nothing came from the employee. The employee, in fact, the record in the case was reasonably sparse because there wasn't that much to put in, but he even testifies about communicating with the board right off the bat, saying, no, I'm going to go grievance. They issue the orders, and as soon as he has communication with the judge, he's communicating, no, I'm intending to go this other route. There's nothing saying, I'm going to pursue this at some point after the effective date, and then he changes his mind because I would agree that would change the result completely. Let me make sure that we have the basic landscape here. If this board appeal had been filed on the 26th as opposed to, what was it, the 22nd, then you would agree that he had made his election, that election was binding, even if he came in on the 27th and said, oops, no, I want to go to the grievance route. Yes, Your Honor. All right. So this entire case turns on whether the 22nd notice of appeal has to be treated just as if it had been filed on the 26th, and if it is, you lose. If it's not, you win. I'd agree with that. Okay. If that 22nd date, and the only way you're treating the system is if you're going to view a premature appeal as an effective filing, and the law is pretty clear that's not. Are you saying that Mr. Maroney notified the board or the judge that he wanted to withdraw before it became ripe? I mean, there was a month-long period in between. And in the appendix, there's a transcript where he attempts to, meaning Maroney, attempts to articulate when he did this, and he talks about this e-mail exchange he had with somebody with the board, and it's not clear what days that occurred. And, in fact, it probably was after the 25th, certainly before the AJA would have been informed. Is this the exchange where Mr. Maroney's being warned not to withdraw? Is that what you're referring to? I'm not sure. It's the exchange where he discusses, I got an e-mail from the board saying, hey, this is premature. Do you want to go forward with it? And his testimony at the hearing was that he answered back that, no, I don't. I'm going to go this other avenue. Now, he had no dates on that. Okay, so we're not suggesting that the board were back on notice because we don't have any way to demonstrate that. And I don't think there would be much question that if he had told the board before the 25th, then, you know, you're hardly bound by something that wasn't effective when you filed it and never had a chance to do it. Weren't there e-mails that he sent to the board on May 18th stating that he wanted to withdraw in that type of exchange that I? And that was per the request of the administrative judge, totally something in the record indicating that he wanted the case gone. That's correct. There's nothing indicating that he did or didn't intend to withdraw. He was told at that time that if he withdrew, it was going to preclude him from filing his subsequent action. I don't believe that's correct. And, frankly, it would not have been the administrative judge's. I would have been surprised if the administrative judge had been that forthcoming with advice about, you know, a proceeding that she wasn't going to deal with. The cases are all this distinction between a CBA, which would permit a timely filing before an effective date, and the board regulations, which do not. That's admittedly an unusual outcome. You could have an election that would be binding if you elected one choice but not the second. But with the regulations by the board and the statute the way they are, that's clearly a choice. If there had been any affirmative step by the petitioner to prosecute that appeal or indicate that he intended to prosecute that appeal or that he did wish it to become docketed as a timely appeal, then this would be an entirely different case. But there is not. And in the absence of that, you should not have the board making the decision that, well, he filed it early and he probably intends to proceed with us, even though that's probably the correct analysis most of the time. You can't have the board making that and have the board making that jurisdictional determination. Thank you. The board's jurisdictional requirements, that requirement, if I recall correctly, is regulatory, is it not? It is in the statute, I believe. I thought it was in the regulations. I don't think there's much dispute that they don't have jurisdiction before it's effective. Well, yeah, I guess the question is, how much leeway do they have to construe or interpret their own regulations versus construing and interpreting a statute? Well, I don't know that they would construe it in a way that would disagree. I don't think there's anything, certainly not in the Kirkwood line, that suggests the board would ever view itself as having subject matter jurisdiction before the action becomes effective. They just have procedures by which they will. But the question is, when did the notice of the appeal become effective and whether that appeal was not effective for some purposes as of the date that the action became effective? There's a long line of board cases about you can't file it before the action becomes effective. And usually they're dealing with a situation where somebody filed when they got the proposal notice rather than the decision letter. But there's no real argument. I don't believe that if you do file it prematurely, that that's going to be regarded as a timely filing. There are merely procedures laid out in the handbook as to how we're going to handle that when it occurs. It doesn't change the jurisdictional analysis. All right. We will hear from Mr. Schnee. May it please the court. On behalf of the Commercial Litigation Branch of the Department of Justice, we would also like to extend our condolences to the family of Judge Friedman and to this court. I have practiced in this court for 20 years, and my relationship with Judge Friedman was limited solely to that as an advocate appearing before this court. As he would have insisted that it be. Yes, Your Honor. But I would say and would humbly and respectfully suggest that both this court and our bar should work actively to preserve and cherish his memory as a model of competence, professionalism, and generosity. Thank you. Thank you. With respect to the case called before the court in Moroni v. DVA, we believe that the decision of the arbiter in this case should be affirmed for three reasons. First, because its decision is consistent with the plain language of the controlling statute and regulations. Second, because it is directly supported by controlling precedent. And third and lastly, because the petitioner has failed to identify or establish any error of law in the decision by the arbiter. Before turning to the plain language of the statute and regulation, I think it would be helpful to briefly review a few of the key facts as petitioner's counsel has done, because I believe a couple were omitted. I believe a couple of references to the record may clear up certain matters. It is true on April 22nd that Mr. Moroni was provided notice of the removal action to be effective two days later on the 25th. It is also undisputed that on that same day, the 22nd, he electronically filed his appeal with the MSPB. That appeal took effect and became valid in accordance with the controlling statute and regulations on April 25th, the effective date of the removal action. Isn't it also not contested that Mr. Moroni took no action to perfect his appeal once he filed it, once that notice, after he filed the notice of appeal before the MSPB? The next step in the chronology, Your Honor, is that on May the 4th, about 10 days later, the MSPB judge issued what's called the Acknowledgement Order. And the Acknowledgement Order says, in Cloverfield terms, I've received your appeal. It's been docketed. I'm your assigned judge. Here are the rules we're going to use to litigate your case. At no time between the 25th, when the appeal became effective by operation of the case law and regulations, and the 4th, did Mr. Moroni in any way express any intention to withdraw his then-pending file appeal. In fact, what happens, Your Honor, is Mr. Moroni does not communicate, the record does not establish any communication with the Board, until May the 18th. And on May the 18th, the Board issued an order, and I would refer the courts respectfully to, that was found, and it's a lot of work to look at the exact language of the MSPB. That is on, I believe it is, appendix page 8. And this is the order, it was issued on May the 4th, issued on May the 18th. Referring to emails received by the MSPB's regional office from Mr. Moroni. It says, in emails to the Board's Atlanta regional office on May the 18th, the appellant first stated that he wished to withdraw his appeal, and then stated if the withdrawal would preclude him from pursuing arbitration, then he no longer wished to withdraw. Later in that same order, the MSPB judge noted that the request to withdraw was equivocal, because it was in the alternative. If it doesn't affect my grievance, I'd like to do it. But if it would affect my grievance, I would not want to do it. And my point on it is that this order establishes, not merely that Mr. Moroni had notice from the agency of the right to choose, but he had actual knowledge that withdrawing his MSPB order, his MSPB appeal, may in fact affect his grievance procedures. And the Board judge then correctly noted, and lowered the same page 8, at this time, the appellant's withdrawal appears to be equivocal. I will not dismiss as withdrawn unless I receive an unequivocal statement from him, served on the agency, that he wishes to withdraw. I am unable to advise him concerning the effect of a withdrawal on the pursuit of arbitration. So the MSPB judge provided actual notice to Mr. Moroni that, in fact, I cannot advise you of the consequences, but Mr. Moroni's own emails to the MSPB indicated his knowledge of that risk. He can't provide legal advice, but can't he cite to a particular statutory provision that says that the election is going to be binding? Number one, Mr. Moroni's email of May the 18th already identifies that. And number two, the agency had already... Well, that just identified a fear. A fear. He didn't necessarily know. I mean, his testimony is pretty clear that he had no clue how to walk through this process. The agency's...well, the email from Mr. Moroni indicating a risk, if I choose to withdraw, may have an adverse impact on my chances of being able to arbitrate indicates he, in fact, has... Do we have an email in the record? There is none. The email itself is not in this record. Oh. How would you know what the contents of the email were? I'm sorry. It just refers to the email. Oh, you were just taking that. I was reading the email. I'm sorry. But to go back to your question, what notice, if any, did he have his right to elect, that is contained in the removal notice that he received on April 22nd, and that is cited in all the briefs. There's an additional provision in that order that is not cited in the briefs that I would like to bring to the Court's attention. In paragraph 5, which is contained to page 13 in the appendix, it explains, summarizing here, you have the right to go to the MSPB, rather you have the right to seek a grievance, file a grievance under your negotiated procedure. You're entitled to use either procedure, but not both. And that's the notion that's quoted both in the MSPB, I'm sorry, the arbitrator's decision and the party's brief. But if the Court would look over in the following paragraph on page 14 of the appendix, there's a further paragraph, paragraph 6. Paragraph 6 reflects that, well, this may be a little more complicated if, in fact, you have a discrimination claim because you may have some alternatives under the EEO procedure as well. So you can go to the MSPB. You can go through a grievance under your collective bargaining agreement, or you might even have some opportunities with EEO if it's a grievance claim. It says you can't do both, but there's nothing in the notice that says that if you accidentally start with one and then withdraw it, that you can't withdraw it and go to the other one. It doesn't say that, especially if you look at the last sentence of paragraph 6, Your Honor. Whichever is filed first, open grievance, i.e., the discrimination complaint, the appeal to the board, or a grievance, close agreement. Right, but paragraph 6 talks about a whole different circumstance. He wasn't asserting the discrimination claim. The parenthetical relates to all three. The discrimination complaint is an EEO complaint. Appeal to the board is the MSPB procedure. But the whole paragraph in context is only talking about if the circumstances give rise to a claim of discrimination. Correct. But, Justice, I'm only suggesting two things. The sentence is encompassing all three, MSPB, grievance, or EEO. And in any event, Your Honor, in this case, the individual made an allegation of discrimination. He made an allegation of age discrimination. And that can be seen in the record at just a couple pages later, at page 23. When he filed his MSPB complaint, he included a claim of age discrimination, an allegation of age discrimination. So even if one were to read the last sentence of paragraph 6 as relating only to claims which might involve discrimination claims, that paragraph would still apply to his claim. Mr. Schnee, this petitioner has foreclosed it from the grievance proceeding. But he had, and I suppose continues to have, potentially, a claim before the MSPB. Could he go back to the MSPB at this point and say, I am now filing a motion to reopen my case because of the circumstances, which included my believing, reasonably but incorrectly, depending on how this case comes out, reasonably but ultimately determined to be incorrectly that my withdrawal was not effective to grant me rights to go to the grievance proceeding. And therefore, I want to proceed, as I initially did, down the only channel I have left, which is the MSPB. Would that motion be a motion that he could file with any prospect of its success, or do you think that that would be foreclosed legally to him at this point? I presume he could file such a motion. I believe his prospects for success would be very slim to none. And what would be the problem with that? The problem with that is because the MSPB law, and in fact, this court itself has at least recognized a related principle in a case called Rodriguez, which is cited in the brief, that the election to pursue one forum is binding and the other is forever waived. In Rodriguez, I think the quote that this court indicated was, an aggrieved employee is limited to one and only one path. Once a timely filing is made on one path to pursue a path, the other is forever waived. Right, but that can't work against both of the routes. That says that once he elected the MSPB, he had forever waived his right to proceed by the grievance, and that's what the arbitrator held. But you can't say that, well, he's elected both and therefore he's waived both. No, he elected the MSPB and then voluntarily withdrew from the MSPB. Right. And MSPB law on that point is that the board will give effect to withdrawal in absent unusual circumstances, whether or not we even state an appeal merely because the appellant wishes to proceed. And among other cases, Rodriguez versus the MSPB. Yeah, but go ahead. My point is, that court opinion is in the order which the MSPB judge sent to Mr. Maroney on May 21, 2009, seven days before he submitted his appeal, so he already knew from the MSPB's new judge that our law is such that if you withdraw, it is highly unlikely that we would ever, in fact, entertain your appeal. So the question is, is it with this ball within unusual circumstances? As I said, could he file such a motion? Yes. My expectation would be that it would not. Shouldn't the original notice that goes to the employees explain all this? I mean, you're saying that he's got to walk through and then find in a sentence in paragraph six, which then assumes he's pursuing a discrimination claim, that somehow this is what would happen. I mean, shouldn't there be a clear statement that, A, filing early can become a timely filing, B, that you have to make an election so that once you file, you have to stick with that if it's become timely? I mean, shouldn't those things be explained in the notice to the employee? I believe that the notice to the employee here contained on April 22nd is fully consistent with the notices that existed in Kirkwood and which this court, in a similar case called Rodriguez, affirmed. And that is to say the notice says to them specifically, you have the right to choose, but be careful in what you choose. But because we keep having these cases, shouldn't it tell you that maybe the notice is not enough, that the way the notice is drafted, which was even hard for me to follow, that these employees are repeatedly getting caught in this catch-22? No, no, there is no catch-22 here. The only problem that Mr. Maroney has is that after having made his election, as he was fully entitled to do and he enjoyed the right to do, he later changed his mind and decided, you know what, I don't want to do what I initially chose, I want to do something else. The only reason Mr. Maroney has not had his day challenging the agency's action in the tribunal is not because of any confusion about what the notice requirements were, and it's not because of any trick in the law. It's simply because he elected a procedure and then changed his mind and said, I no longer wish to go with that procedure. And the law in this area has been undisputed for the last 20 years that once you choose, you are bound by that, which is exactly what it says. His testimony was even the union reps thought that his MSPB filing was untimely, because it went in too early. Even the union reps who are supposed to know this stuff obviously don't fully understand it. Well, if union reps don't understand that, Your Honor, it's simply the fault of the union reps for not adequately reading the law. The law and the MSPB. It's just that we in this courtroom might get how this works.  I think when the appellant, the petitioner, sends in an email and says, I'm thinking about changing my mind, but I'm worried about whether changing my mind might have an adverse consequence on my ability to go forward, that appellant has actual knowledge of the risks and the choices that he is making. Well, actual knowledge of the risks, but I think to pick up on Judge O'Malley's questioning, that doesn't mean that the appellant hasn't weighed in a misapprehension as to the effect of the early filing, because there's no other way to explain his ultimate decision to withdraw the MSPB filing, since if you're right, legally, he's just committed effective suicide with respect to his ability to get review of his claim. Presumably, he didn't want to simply have no review at all. So when he chose to go the grievance route, he obviously had made a determination, whether based on the union reps or misapprehension of his own, he had made a determination that whatever he did in the MSPB was not disentitling. Didn't disentitle him to proceed. I actually don't know if that was the case. Well, the only other possibility is that he decided, well, to heck with it, I'm just going to withdraw my MSPB proceeding and have no review, and yet he pursued his grievance. I mean, the obvious thought that he wasn't dead in the water before the grievance. You'd agree with that, right? Not to defense, Your Honor, but I would say there are a number of reasons why people may or may not  or choose to start and then withdraw. Not every case which is ever filed goes to adjudication. There are many reasons, either because of trouble, lack of interest, counsel costs, all kinds of reasons why people change their minds. Okay, fair enough. Could I just ask one question? Sure, of course. Could this court order the MSPB to reopen the case if we find that there's unusual circumstances in this particular case? At this case, I would say not, Your Honor, for this reason. The decision of the MSPB is not before this court. The petitioner is appealing the decision of the arbitrator that it lacked jurisdiction. The MSPB never determined that it lacked jurisdiction. It simply granted the petitioner's voluntary request to withdraw its appeal, and so the MSPB's decision is not pending before this court. And if I might just ask for one quick moment of indulgence to clarify one other aspect of the record. Petitioner's counsel, both in brief and in argument, argued that Kirkwood was a distinguishable case because in Kirkwood there was a timely grievance filed. And there are two answers to that. First, the decision in Kirkwood makes absolutely clear that the grievance was not timely filed. It twice says that Ms. Kirkwood argued that her petition was premature, and because it was premature, it was ineffectual. So factually, it's identical to this case. And secondly, whatever may survive or be relevant from the Hardy case, Kirkwood affirmatively overruled Hardy in any line of cases which held that a premature filing was ineffectual to constitute a waiver. And that has been the decision of the uniform line of authority since 2005 in the Merit Systems Protection Board. And it's not in conflict with any precedent of this court or statute, and therefore the decision of the arbitrator should be affirmed. Thank you, Mr. Schnee. Mr. Eucler, you have several minutes. I don't intend to use that much. The outcome in this case and the proper test and rule in this case is exactly as counsel for the government laid out when he recited the Rodriguez decision. And it's the same language that's used in Kirkwood, which is that a filing is binding if it is timely. And the Kirkwood, while that was the argument by the appellant in that case, that was not the finding of the board that she had filed an untimely grievance. And in fact, as I indicate, they emphasize timely when they quote the controlling language for that. If an employee is bound by a timely filing, then we don't have to worry about any of these other permutations. If it wasn't timely, then it doesn't control. And if they want to ratify it or reaffirm or perfect it at some point or as soon as they're communicated with by the board, they can do that and things will proceed normally. But otherwise, there is no distinction to be made. Once we start going, even an untimely appeal is going to be considered a binding election. At that point, an employee who may file when they get the proposal notice, which they do, is now going to be forever bound to go to the board because they filed something before they even got the decision letter advising them of their rights or before anybody would argue that there was anything over which the board would have jurisdiction. And that can't be the right outcome. You have to use that timely language. As in this case, the first communication from the petitioner to the MSPB is as laid out in that order that the counsel for the government cites that he wishes to pursue a grievance. That's his choice. That's the election he's making. He tries to qualify that by saying, but not if I'm not going to be allowed to. But his election at that point is very clear, and that's the only election that's occurring within the time frame that he could have filed anything or perfected a filing with the MSPB. We respectfully ask the court to reverse the arbitrator's board and remand it for a decision on the merits. Thank you, Mr. Ukler. And Mr. Schnee?